UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7997 PA (AGRx)<br>CV 20-8019 PA (AGRx) | Date | September 8, 2020 |
|---|---|---|---|
| Title | Michael Vanbecelaere v. YayYo, Inc., et al.<br>Ivan Rung v. YayYo, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

The Court is in receipt of Notices of Removal filed by defendant WestPark Capital, Inc. ("Removing Defendant"). The Notices of Removal seek to remove two putative class actions filed in Los Angeles Superior Court, Case Nos. CV 20-7997 PA (AGRx) (the "Vanbecelaere Action") and CV 20-8019 PA (AGRx) (the "Rung Action"). Removing Defendant alleges in both Notices of Removal that this Court possesses jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

Both the Vanbecelaere Action and the Rung Action allege claims under the Securities Act of 1933 (the "1933 Act") on behalf of putative classes of all purchases of the common stock of YayYo, Inc. ("YayYo") "pursuant to the Registration Statement and Prospectus issued in connection with YayYo's November 14, 2019 initial public stock offering (the 'IPO'), seeking to pursue strict liability remedies under the Securities Act of 1933 (the '1933 Act')." (Vanbecelaere Action at ¶ 1; Rung Action at ¶ 1.) Plaintiffs in both the Vanbecelaere Action and the Rung Action allege that YayYo, its officers, and the underwriters of YayYo's IPO are liable under the 1933 Act for inaccurate and misleading statements in YayYo's Registration Statement and Prospectus filed with the Securities and Exchange Commission (the "SEC"). (Id. at ¶¶ 15-30.) Just months after YayYo's November 14, 2019 IPO, YayYo announced on February 10, 2020, that YayYo's Board of Directors had determined to voluntarily delist YayYo's common stock from the NASDAQ exchange. (Id. at ¶ 31.) According to a Form 25 filed with the SEC on February 20, 2020, of which the Court takes judicial notice, YayYo voluntarily withdrew its common stock from listing and registration on NASDAQ.

The Vanbecelaere Action and Rung Action, which are nearly identical, allege claims pursuant to Sections 11 and 15 of the 1933 Act. Both Complaints, relying on Section 22(a) of the 1933 Act, allege that they are "not subject to removal to federal court." (Id. at ¶ 11.) Section 22(a) contains an anti-removal provision, which states: "Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7997 PA (AGRx)<br>CV 20-8019 PA (AGRx) | Date | September 8, 2020 |
|---|---|---|---|
| Title | Michael Vanbecelaere v. YayYo, Inc., et al.<br>Ivan Rung v. YayYo, Inc., et al. | | |

jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a); see also Cyan, Inc. v. Beaver Cty. Employees Retirement Fund, __ U.S. __, 138 S. Ct. 1061, 1075, 200 L. Ed. 2d 332 (2018) ("[F]ederal-law suits like this one—alleging only 1933 Act claims—are not 'class action[s] . . . as set forth in subsection (b).' So they remain subject to the 1933 Act's removal ban.").

Despite Section 22(a)'s anti-removal provision, Removing Defendant asserts that "[m]odern authority holds that CAFA's removal provision trumps the 1933 Act's bar to removal in Section 22 of the 1933 Act." (Notice of Removal at 2:9-11.) According to the Notice of Removal:

> While the Ninth Circuit held that Section 22 of the 1933 Act overrode CAFA in Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031 (9th Cir. 2008), subsequent cases suggest that the Supreme Court's decision in Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81 (2014) means that Luther should now come out the other way. The Northern District of California recognized this in its 2018 decision Coffey v. Ripple Labs Inc., 333 F. Supp. 3d 952 (N.D. Cal. 2018).

(Notice of Removal at 2:16-22.) In addition to Coffey to support its contention that Dart Cherokee and "modern" cases undermine the vitality of the Ninth Circuit's decision in Luther and that CAFA's removal provision trumps Section 22(a)'s anti-removal provision, Removing defendant relies on a decision from the Seventh Circuit, Katz v. Gerardi, 552 F.3d 558 (7th Cir. 2009), and two decisions from the Southern District of New York, Owen v. Elastos Found., 438 F. Supp. 3d 187 (S.D.N.Y. 2020), and New Jersey Carpenters Vacation Fund v. Harborview Mortgage Loan Trust, 581 F. Supp. 2d 581 (S.D.N.Y. 2008).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA, which extends the Court's diversity jurisdiction to certain class actions where at least one plaintiff and one defendant are citizens of different states and the aggregate amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7997 PA (AGRx) <br> CV 20-8019 PA (AGRx) | Date | September 8, 2020 |
|---|---|---|---|
| Title | Michael Vanbecelaere v. YayYo, Inc., et al. <br> Ivan Rung v. YayYo, Inc., et al. | | |

controversy exceeds $5,000,000.00, exclusive of interests and costs.  See 28 U.S.C. § 1332(d)(2).

Even if the Court were not bound to follow the Ninth Circuit's conclusion that "CAFA's general grant of the right of removal of high-dollar class actions does not trump § 22(a)'s specific bar to removal of cases arising under the Securities Act of 1933," Luther, 533 F.3d at 1034 (concluding that "by virtue of § 22(a) of the Securities Act of 1933, Luther's state court class action alleging only violations of the Securities Act of 1933 was not removable"), the Court would nevertheless conclude that CAFA's own provisions do not support removal of the Vanbecelaere Action and the Rung Action.  Specifically, CAFA specifically contains an exception from § 1332(d)(2)'s general expansion of removal jurisdiction for class actions that applies to "any class action that solely involves a claim . . . concerning a covered security" as defined by the 1933 Act.  28 U.S.C. § 1332(d)(9)(A); see also 28 U.S.C. § 1453(d)(1) (creating an identical exception for "any class action that solely involves a claim concerning a covered security").  For purposes of both 28 U.S.C. §§ 1332(d)(9)(A) and 1453(d)(1), a "covered security" is defined as a security that is "designated as qualified for trading in the national market system pursuant to section 78k-1(a)(2) of this title that is listed, or authorized for listing, on a national securities exchange."  15 U.S.C. § 77r(b)(1)(A); see also 15 U.S.C. § 77p(f)(3).

Because the Complaints in the Vanbecelaere Action and the Rung Action that Removing Defendant seeks to remove allege facts establishing that those actions are class actions that "solely involv[e]" claims concerning a "covered security," and the SEC filings of which the Court takes judicial notice confirms that the Vanbecelaere Action and the Rung Action assert only 1933 Act claims concerning covered securities, neither action is removable under CAFA.  Indeed, based on the fact that § 1453(d) exempts these actions from the remaining provisions of § 1453, § 1453(c)'s expansion of the jurisdiction of the appellate courts to review remand orders does not apply to the remand of actions such as these that fall within the exceptions of §§ 1332(d)(9)(A) and 1453(d)(1).

The Court's conclusion that the Vanbecelaere Action and the Rung Action are not removable under CAFA is supported by the Seventh Circuit's Katz decision.  In Katz, the Seventh Circuit analyzed the interplay between Section 22(a) and CAFA, and explained:

> The language of [CAFA], rather than a canon, tells us how the new removal rule applies to corporate and securities actions.  Section 1453(b) allows removal of any class action brought within federal jurisdiction by § 1332(d), and § 1453(d) adds:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7997 PA (AGRx) <br> CV 20-8019 PA (AGRx) | Date | September 8, 2020 |
|---|---|---|---|
| Title | Michael Vanbecelaere v. YayYo, Inc., et al. <br> Ivan Rung v. YayYo, Inc., et al. | | |

> (d) This section shall not apply to any class action that solely involves—
>> (1) a claim concerning a covered security as defined under section 16(f)(3) of the Securities Act of 1933 (15 U.S.C. [77p(f)(3) ]) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E)) . . .
>
> Section 1332(d)(9) has a functionally identical list. This tells us all we need to know. Claims listed in § 1453(d) are not removable. Other securities class actions are removable if they meet the requirements of [CAFA].

Katz, 552 F.3d at 562. In Katz, unlike here, remand was improper because the removed action did not involve "covered securities" and therefore did not fall within CAFA's exceptions to removal provided in §§ 1332(d)(9)(A) and 1453(d)(1). See id. at 562-63 (explaining that the investments in Katz "were not 'covered securities'" under the applicable definition). Similarly, none of the three district court cases upon which Removing Defendant relies to support the propriety of its Notices of Removal are applicable because they did not "solely involv[e]" "covered securities." See Owen, 438 F. Supp. 3d at 188-89 (action involved unregistered securities); Coffey, 333 F. Supp. 3d at 958 (action alleging claims under both California law and the 1933 Act and therefore not a class action that "solely involves" 1933 Act claims); New Jersey Carpenters Vacation Fund, 581 F. Supp. 2d at 583 ("Were I to simply rely on § 22(a) of the Securities Act of 1933, this case could not have been removed to this Court, because it does not involve 'covered securities.'"); see also Greenwald v. Ripple Labs, Inc., CV 18-4790 PJH, 2018 WL 4961767, at *3 (N.D. Cal. Oct. 15, 2018) (distinguishing Coffey and following Luther).

      Because the Vanbecelaere Action and the Rung Action are class actions that "solely involv[e]" claims concerning "covered securities," they are excepted from CAFA's removal provisions by CAFA itself. Pursuant to § 1332(d)(9)(A) and § 1453(d)(1), these actions are not removable under CAFA and Section 22(a) otherwise bars removal. For these reasons, the Court lacks subject matter jurisdiction over the Vanbecelaere Action and the Rung Action. The Court hereby remands these actions to the Superior Court of California for the County of Los Angeles, Case Nos. 20STCV28066 and 20STCV27876, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.